# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00252-CR

**Michael Joseph Prater, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
### NO. 5022, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Michael Joseph Prater appeals his conviction for aggravated sexual assault of a child under the age of fourteen years. *See* Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(i) (West 2003). The jury found appellant guilty of the single count of the indictment and assessed punishment at thirty years= imprisonment. On appeal, appellant urges in two points of error that the evidence is legally and factually insufficient to show that he committed aggravated sexual assault of a child, his adopted daughter. Because we find the evidence legally and factually sufficient, we affirm the conviction.

### BACKGROUND

The complainant, T.P., testified at the February 2002 trial that she was born in 1983 and was eighteen years of age at the time of trial. She testified that appellant, her father, had touched her

inappropriately Amy whole life@ and that A[i]t happened all the time.@ The act that formed the basis of the indictment occurred in approximately 1992 when T.P. was seven or eight years of age and lived with her mother and father in the town of Crews, near Ballinger in Runnels County. T.P. testified that appellant touched her while she was on her parents=bed and her mother was making breakfast. She recounted that he touched and penetrated her vagina with his finger, and that he would Arub on me and he would take my hand and touch on him and ejaculate him.@

When her parents separated in 1989 and then divorced in 1992, T. P. continued to live with her mother but would visit appellant. According to T.P., the inappropriate touching continued during her visitation with her father. In May 2000, when T.P. turned seventeen years of age, she asked to live with appellant, who later became her managing conservator. In December, T.P. and appellant had a dispute. For the first time, the complainant reported appellant=s conduct to her mother.

T.P. and her mother then reported appellant=s conduct to the police, who interviewed appellant when he agreed to take a polygraph test. During the interview, appellant denied any conduct in Runnels County, but admitted to digitally penetrating the complainant=s vagina in the summer of 2000 when she approached him with a sexual question. He also admitted to Aaccidental touching@ on a couple of other occasions. Appellant was subsequently indicted and convicted of aggravated sexual assault of a child. The jury assessed his punishment at thirty years in prison.

## ANALYSIS

Arguing that Ait is obvious@ that the complainant has no independent memory of any specific event, appellant urges on appeal that complainant=s confused and generalized testimony is insufficient to

2

sustain his conviction, and that the jury was inundated with evidence of extraneous offenses. Thus, appellant contends that the testimony of the complainant is legally and factually insufficient.

The standard for reviewing the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury=s verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Lane v. State*, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996). All the evidence that the jury was permitted to consider properly or improperly must be taken into account in determining the legal sufficiency of the evidence. *Garcia v. State*, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). On appeal, we do not reevaluate the credibility of the witnesses or realign, disregard, or weigh the evidence. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

To determine factual sufficiency, we view the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson*, 23 S.W.3d at 7. We must review the evidence weighed by the jury tending to prove the existence of the elemental fact in dispute, and compare it to the evidence tending to disprove that fact. *Id*. The appellate court may find either that the State=s proof of guilt was so obviously weak as to undermine confidence in the jury=s determination, or that the finding of guilt was against the great weight and preponderance of the evidence. *Id*. at 11. When the defendant proffers contrary evidence, we consider whether the proof of guilt, although adequate if taken alone, is greatly outweighed by the defendant=s evidence. *Id*. We may disagree with the jury=s decision, even if probative evidence exists that supports the

3

verdict. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). However, a factual sufficiency review must be appropriately deferential to avoid substituting our judgment for that of the jury. *Id*. at 648. We are not free to reweigh the evidence, but must exercise our jurisdiction only to prevent a manifestly unjust result. *Id*.

To prove appellant committed aggravated sexual assault of a child, the State was required to prove that appellant (i) intentionally or knowingly (ii) caused the penetration of the female sexual organ by any means, and (iii) the victim is younger than fourteen years of age. *See* Tex. Pen. Code Ann. ' 22.021 (West 2003). The indictment alleged that the penetration occurred by appellant placing his finger in T.P.=s female sexual organ on or about September 1, 1992.

In this case, T.P. described specific as well as general incidents that occurred beginning when she was seven or eight years old. She recounted the specific incident that is the subject of the indictment that occurred in September 1992. She testified specifically that appellant=s finger penetrated her female sexual organ. Appellant testified and did not deny that the incident occurred, but disputed the time, place, and circumstances.

Jerry Watkins, a reserve deputy sheriff with the Tom Green County Sheriff=s Department, also testified. Watkins testified that he had been a police officer with the San Angelo Police Department prior to his retirement in January 1997. Watkins recounted the substance of his interview with appellant, who admitted to sexual contact with T.P.:

> He said that these things had occurred, that mostly it was when he had given her a bath and
> he was drying her off with a towel, that he would sometimes touch her genitals and things,

4

or he would put his penis between her legs and rub it back and forth some, but it was just those things like that and she was so young it didn=t bother anything.

Appellant also told Watkins that the incidents had occurred when he was in the military and the family was living in Nebraska. Watkins also testified that appellant told him that when T.P. lived with him, they Awould frequently go around in the house together nude,@ a practice Ahe went along@ with because Ashe started it.@ Appellant also admitted to Watkins that he had digitally penetrated the complainant=s vagina, but that the incident had occurred sometime in the year 2000.

Appellant testified that he was employed by the post office and had been in the Air Force for twenty years. On direct examination, he admitted to digitally penetrating the complainant=s vagina in the summer of 2000. He testified that she was living with him and approached him with a question about sex. They were discussing her education and then dating and boyfriends Aand one thing lead [sic] to another.@ Appellant then testified that T.P. suggested that he explain his answer to the question by demonstrating on her. He then inserted his finger into her vagina. Appellant testified that he did not perform the act with the Aintent to arouse or gratify@ himself:

> But my child asked me a question and I had no way of knowing what the mother had told her or had not told her or where she was in her sex life because she was living with somebody inCin Coleman. She had left her mother and begged me to take her into herCinto the house. She begged me . . . to let her live with me so that she would not have to return to her mother.

Appellant=s testimony on direct examination continued:

5

| | |
|---|---|
| [DEFENSE COUNSEL] | So at this time in the summer of 2000, did you feel that you were helping your daughter out? |
| [APPELLANT] | Yes, sir, I did. |
| [DEFENSE COUNSEL] | Prior to the summer of 2000 have you ever touched her vaginal area with your hand? |
| [APPELLANT] | Yes, sir, I can say I did. |
| [DEFENSE COUNSEL] | Could you tell the jury the circumstances by which you would have touched her vaginal area with your hand? |
| [APPELLANT] | Okay. Well, theCprior to that summer when she was first coming up, she would take a bath and ask me to put lotionChelp her put lotion on, and I would do that because she had asked me to. But it may have brushedCit may have been a brush or close to, but, I mean, there was no intent or anything like that. |

Appellant then recounted other incidents in which he had accidentally touched T.P.=s genitals. Although appellant denied the act alleged in the indictment, he explained: A[w]hen she would come in, I=d lay on the bedC[my wife] would be in the bed next to me, and I would reach down and I=d rub her tummy, you know, just toCfather-daughter bonding. That=s the only way I looked at it.@

Appellant does not contend that the State has failed to adduce proof as to each element of the offense; rather, he contends the evidence was insufficient because of the generality of the complainant=s testimony and her lack of credibility. The evidence is legally sufficient so long as the evidence provides the requisite proof needed to satisfy the elements of the offense charged. Even when the victim is a child, the victim=s testimony alone may be sufficient to support a conviction for sexual assault. *Jensen v. State*, 66 S.W.3d 528, 534 (Tex. App.CHouston [14th Dist.] 2002, pet. stricken).

6

Because the evidence was sufficient for a jury to have found beyond a reasonable doubt all of the essential elements of the offense charged, we overrule appellant=s first point of error.

By his second point of error, appellant argues that the evidence was factually insufficient for the same reasons set forth in his challenge to the legal sufficiency. He contends that the evidence is insufficient because the conduct allegedly happened over nine years ago and the allegation was supported only by general testimony. Because appellant testified, we examine the record to determine whether the evidence supporting the finding of guilt is so greatly outweighed by the defendant=s evidence to the extent that the verdict is clearly wrong and manifestly unjust. *See Johnson*, 23 S.W.3d at 11.

That the complainant=s testimony was at times general in nature does not vitiate the sufficiency of the evidence. The complainant admitted that she was not clear on the dates of the occurrences. But she testified that the events occurred over a ten-year period, that the sexual contact happened Aa lot,@ Aoften,@ Amy whole life,@ and became a part of her relationship with her father. Appellant=s former wife, T.P.=s mother, testified to the divorce, the modification of the custody order, and to the complainant=s outcry in December 2000. She also described the complainant=s rebellious conduct and abuse of drugs.

The appellant did not deny engaging in behavior similar to that described by the complainant. Far from outweighing the evidence supporting the finding of guilt, a jury could have found that appellant=s evidence corroborated the complainant=s testimony, disputing only the element of intent and the venue and date of the alleged offense. The undisputed evidence showed that the conduct itself occurred. After reviewing all of the evidence in a neutral light, we cannot conclude that the State=s evidence, although

7

adequate if taken alone, is so greatly outweighed by the defendant=s evidence, so as to render the verdict clearly wrong and manifestly unjust. *See id.* We therefore conclude that the evidence was factually sufficient to support the jury=s verdict.

We overrule appellant=s second point of error.

## CONCLUSION

Finding that the evidence is legally and factually sufficient, we affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   April 3, 2003

Do Not Publish